## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MOHAMMAD ABED AWAD,<br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | No. 15-CV-0373-MV-KBM |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim and Memorandum in Support [Doc. 14].  Plaintiff Awad timely responded [Doc. 17] and Defendant replied [Doc. 19].  The Court having considered the Motion, briefs, relevant law, and being otherwise fully informed, finds that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim and Memorandum in Support [Doc. 14] is not-well taken and therefore will be **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

"On February 20, 2012, Albuquerque Police Department Officer Jimmie Jones purchased 1 gram of a" substance containing AM-2201, a synthetic cannabinoid listed in Schedule I from a man whom he believed to be Plaintiff Mohammad Awad.  Doc. 1 ¶ 21.  *See also* 21 C.F.R. § 1308.11 (including AM-2201 as a Schedule I substance).  This person, "identified falsely as Mohammad Awad was

1

not subsequently, interviewed, arrested, detained, or otherwise charged regarding the distribution of the controlled substance to Officer Jones on February 20, 2012." *Id.* ¶ 22.  In Plaintiff's view, the man who engaged in this sale "was clearly not Plaintiff" such that "the United States' identification of Mohammad Awad as the individual who had distributed a controlled substance to APD Agent Jimmie Jones on February 20, 2012, was false" and, moreover, negligent.  *Id.* ¶¶ 23-24.

Approximately one month later, on March 18, 2014, "Special Agent S.H. submitted to the Court Search Warrants and supporting Affidavits for Plaintiff's residence, located at 1024 Salinas Street, SE in Albuquerque and several other locations."  *Id.* ¶ 25.  Evidently, these warrants included the inaccurate identification of the suspect as Plaintiff Awad.  *See* Doc. 1 ¶ 26.  Therefore, Plaintiff alleges, "Defendant, through its agency, DEA, inter alia, established Probable Cause falsely to search Plaintiff's residence, based on Defendant's false identification of Plaintiff as the individual who had distributed a controlled substance to APD Officer Jones on February 20, 2012."  *Id.* ¶ 27.  DEA agents "subsequently executed the District of New Mexico Search Warrant at Plaintiff's residence.  As a result, Plaintiff's residence was searched unlawfully by Defendant on March 20, 2014."  *Id.* ¶ 28.  On the same day, the DEA arrested Plaintiff without an arrest warrant based on the same mistaken identification.  *See id.* ¶ 29.  As a result of this arrest and the criminal complaint filed against him, Plaintiff was incarcerated for "173 consecutive days (approximately 5 ½ months) from March 20, 2014 through September 9, 2014."  *Id.* ¶¶ 32-33.  On September 9, 2014, the United

States dismissed the charge against him and released him from custody. *See id.* ¶¶ 41-42.

"On October 30, 2014, Plaintiff filed an Administrative Claim" by submitting a "Standard Form-95 to both Drug Enforcement Administration and the Department of Justice for proper and timely Presentment to the United States." *Id.* ¶ 15. By May 1, 2015, the agencies had not responded to Plaintiff's claims. *See id* ¶ 16. Accordingly, Plaintiff filed his Complaint in this Court three days later, on May 4, 2015. *See generally* Doc. 1. The United States now moves the Court to dismiss Plaintiff's action for lack of subject matter jurisdiction and for failure to state a claim, arguing, in large part, that the discretionary function exception bars the instant suit. *See generally* Doc. 14.

## DISCUSSION

## I.   Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). That is, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations

3

omitted).  Hence, the Court "must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party." *Mata v. Anderson*, 760 F. Supp. 2d 1068, 1083 (D.N.M. 2009).

However, as an exercise of its lenity and discretion, this Court has consistently endorsed the view that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Douglas v. Miller*, 864 F. Supp. 2d 1205, 1221 (W.D. Okla. 2012) ("Where a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiency should be granted unless the Court determines that an amendment would be futile.").  Further, "[t]here is no [] requirement that a plaintiff must request leave to amend by filing a separate motion as opposed to requesting leave to amend in a response to a motion to dismiss." *S2 Automation LLC v. Micron Technology, Inc.*, 281 F.R.D. 487, (D.N.M. 2012) (Browning, J.).  This is often the most prudent course of conduct, particularly where, as here, a plaintiff has not yet amended his or her complaint.

## II.    The Instant Case

Here, in his Response to Defendant's Motion to Dismiss [Doc. 17], Plaintiff purports to introduce new facts not alleged in the Complaint, including those regarding the existence, content, and applicability of certain DEA procedures.  *See* Doc. 17 at 26, 34.  *See also* Doc. 17-1 at 2-8.  Similarly, Plaintiff adds a series of

4

facts regarding the factual basis of the misidentification, including that the agent had never personally met Plaintiff or Plaintiff's brother, Belal Awad, prior to rendering the identification.  *See* Doc. 17 at 32.  While facts argued for the first time in a responsive brief cannot, of course, amend a complaint, the existence of such facts may indicate to the Court that a curative amendment to the Complaint might prove useful.  Ultimately, the Court cannot be certain whether or how additional facts might alter the Court's disposition in this matter; nonetheless, the Court finds it prudent to deny Defendant's Motion to Dismiss ***without prejudice*** in the interest of according Plaintiff a final opportunity to file an Amended Complaint that contains a complete recitation of the facts that Plaintiff believes entitle him to relief.  To hold otherwise would risk allowing easily-remedied pleading issues to scuttle Plaintiff's case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim and Memorandum in Support [Doc. 14] is **DENIED WITHOUT PREJUDICE.**  Plaintiff is **HEREBY ORDERED** to file an Amended Complaint **NO LATER** than thirty (30) days from the entry of this Memorandum Opinion and Order.

Dated this 24th day of February, 2016.

_____

**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE

5

Erlinda Ocampo Johnson  
**Law Office of Erlinda O. Johnson**  
Albuquerque, New Mexico  
***Attorneys for Plaintiff***

Karen F. Grohman, *et al.*  
**United States Attorney's Office**  
Albuquerque, New Mexico  
***Attorneys for Defendant***