**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD ABED AWAD,

      Plaintiff,

v.                                          CV No. 15-373 MV/CG

UNITED STATES OF AMERICA,

      Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on *Defendant's Rule 12(B)(1) and Rule 56 Motion to Dismiss and Memorandum in Support* (the "Motion"), (Doc. 26), filed March 31, 2016; *Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rules 12(b)(1) and Rule 56* (the "Response"), (Doc. 28), filed April 12, 2016; and Defendant's *Reply in Support of Defendant's Rule 12(B)(1) Motion to Dismiss and Rule 56 Motion for Summary Judgment* (the "Reply"), (Doc. 30), filed May 13, 2016. United States District Judge Martha Vazquez referred this case to Chief Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 42). Having considered the briefs, the record of the case, and relevant law, the Court recommends that *Defendant's Rule 12(B)(1) and Rule 56 Motion to Dismiss and Memorandum in Support*, (Doc. 26), be **GRANTED** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

### I. Background

On February 20, 2012, at a smoke shop in Albuquerque, New Mexico, an Albuquerque Police Department ("APD") officer purchased 1 gram of a synthetic

cannabinoid containing a banned chemical. (Doc. 23, ¶¶ 21, 24); (Doc. 23-7).[1] The transaction was part of an undercover operation and was recorded on video. (Doc. 23, ¶ 24). Plaintiff was the registered owner of the shop, and the officer's report of the incident states that Plaintiff "appeared to be" the person who sold the controlled substance to him. (Doc. 23-7). However, it was later determined that the person who sold the substance to the officer was Plaintiff's brother, Belal Awad, who resembles Plaintiff. (Doc. 23, ¶¶ 24, 29).

On March 18, 2014, Drug Enforcement Agency ("DEA") Agent S.H. submitted to the Court applications for search warrants and supporting affidavits to search Plaintiff's residence and several other locations. *Id.*, ¶ 34. The affidavits stated that Agent S.H. reviewed the February 20, 2012, video and identified Plaintiff as the person who sold the controlled substance to the APD officer. *Id.*, ¶ 35. On March 20, 2014, the DEA searched Plaintiff's residence and arrested Plaintiff without a warrant. *Id.*, ¶¶ 37-38. On March 21, 2014, DEA Agent J.M. filed a Criminal Complaint with supporting affidavit stating that Agents J.M. and S.H. reviewed the February 20, 2012, video and identified Plaintiff as the person who sold the controlled substance. *Id.*, ¶ 40; (Doc. 23-2). Plaintiff was charged with distribution of a controlled substance, and was incarcerated from March 20, 2014 to September 9, 2014. *Id.*, ¶¶ 41-42. On September 9, 2014, the United States Attorney's Office dismissed the charge against Plaintiff and Plaintiff was released from incarceration. *Id.*, ¶¶ 74-75. On September 17, 2014, Agent S.H. filed a Criminal Complaint with a supporting affidavit stating that Belal Awad was the person in the February 20, 2012 video, and charged him with distribution of a controlled substance. (Doc. 23-5).

---

[1] The facts of this case are largely undisputed. Any material disputed facts are discussed *infra*.

In Plaintiff's original Complaint, Plaintiff brought claims against Defendant under the Federal Tort Claims Act ("FTCA") for negligence, false arrest, and false imprisonment. (Doc. 1 at 9-12). Defendant moved to dismiss these claims alleging that the Court lacked subject matter jurisdiction under the FTCA and that Plaintiff failed to state a claim. (Doc. 14). On February 24, 2016, the presiding judge in this case entered a Memorandum Opinion and Order denying Defendant's motion without prejudice. (Doc. 22). The presiding judge noted that Plaintiff added allegations in his response to the motion to dismiss which were not alleged in the Complaint, such as the applicability of certain DEA procedures and that the DEA agent had never personally met Plaintiff or Plaintiff's brother prior to rendering the identification. *Id.* Therefore, the Court found it prudent to deny Defendant's motion to dismiss without prejudice "in the interest of according Plaintiff a final opportunity to file an Amended Complaint that contains a complete recitation of the facts that Plaintiff believes entitle him to relief." *Id.* at 5.

Plaintiff then filed his Amended Complaint and included the above-referenced additional allegations. In his Amended Complaint, Plaintiff again brings three tort claims against Defendant: (1) negligence in the identification of Plaintiff as the individual in the February 20, 2012, video who distributed a controlled substance, and for negligently arresting, charging, and imprisoning Plaintiff based on that identification, (Doc. 23, ¶¶ 84-92); (2) the intentional tort of false arrest based on the incorrect identification of Plaintiff in the video, (*id.*, ¶¶ 93-99); and (3) the intentional tort of false imprisonment, also based on the incorrect identification of Plaintiff in the video, (*id.*, ¶¶ 100-06). Plaintiff brings his claims under the FTCA against the United States, as the sole proper defendant pursuant to 28 U.S.C. §§ 1346(b), 2674, (*id.*, ¶ 8), and Plaintiff states that he

has exhausted his administrative remedies under the FTCA, 28 U.S.C. § 2675(a), (*id.*, ¶ 15).

In its Motion, Defendant contends the Court lacks subject matter jurisdiction under the FTCA despite the additional allegations in Plaintiff's Amended Complaint. (Doc. 26 at 6). While the FTCA waives sovereign immunity for some tort claims, Defendant contends that the law enforcement officers' actions in this case were discretionary functions undertaken in the investigation of a crime, and are therefore exceptions to the FTCA's waiver of sovereign immunity. *Id.* at 7-25. In response, Plaintiff argues the discretionary function exception to the FTCA's waiver of sovereign immunity does not apply to his claims because the DEA agents violated nondiscretionary DEA policies. (Doc. 28 at 9-30). Further, Plaintiff contends that his intentional tort claims fall under the law enforcement proviso of the intentional tort exception of the FTCA, so the Court has jurisdiction over Plaintiff's intentional tort claims regardless of whether or not the discretionary function exception applies. *Id.* at 30-35.

## II.  Legal Standards

### A.  *Federal Tort Claims Act*

The FTCA waives sovereign immunity and authorizes suits against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Because the FTCA constitutes a partial waiver of the United States' immunity, its provisions must be strictly construed, and a court should neither narrow the waiver nor "take it upon [itself] to extend the waiver beyond that which Congress intended." *Smith v. United States*, 507 U.S. 197, 203 (1993). Whether or not the United States has consented to a particular type of suit is a threshold jurisdictional issue and, if a court concludes that the United States has not waived its immunity to suit in a particular matter, the court does not have jurisdiction to hear the case and it must be dismissed. *See Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).

There are many exceptions to this waiver of sovereign immunity, including the discretionary function exception, which states the United States' immunity is maintained for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. § 2680(a). "The discretionary function exception marks the boundary between Congress' willingness to impose tort liability on the United States and the desire to protect certain decision-making from judicial second guessing." *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

In *Berkovitz*, the Supreme Court announced a two-prong analysis for determining when the FTCA's discretionary function exception applies. 486 U.S. at 536. First, acts or omissions taken by the government employee must be discretionary, which is defined as conduct that "involves an element of judgment or choice." *Id.* "Thus, the discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* Second, the conduct must

involve the type of decision-making that the discretionary function exception was designed to protect. *Id.* The purpose of the discretionary function exception is "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 536-37. Therefore, the exception applies to "governmental actions and decisions based on considerations of public policy." *Id.* Importantly, in applying the *Berkovitz* analysis, the question of negligence is irrelevant: "When the government performs a discretionary function, the exception to the FTCA applies regardless of 'whether or not the discretion involved be abused.'" *Redman v. United States*, 934 F.2d 1151, 1157 (10th Cir. 1991) (quoting 28 U.S.C. § 2680(a)).

Another exception to the FTCA's waiver of sovereign immunity is known as the "intentional torts" exception, which bars FTCA actions for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). However, the "law enforcement proviso" in the same subsection provides an exception to this exception that permits six tort actions (assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution) that otherwise fall within the intentional torts exception if they are brought against "investigative or law enforcement officers of the United States Government." *Id.*

### B. Rule 12(b)(1) and Rule 56

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. (Doc. 26 at 6). A party bringing suit against the United States bears

the burden of proving that the government has waived its sovereign immunity. *See*

*James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992). The "terms of [the United

States'] consent to be sued in any court define that court's jurisdiction to entertain the

suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

When reviewing a challenge to its subject matter jurisdiction, the Court does not

assume the truthfulness of the complaint's factual allegations, but instead has wide

discretion to consider affidavits and other documents to resolve disputed jurisdictional

facts. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Thus, a Rule

12(b)(1) motion, unlike a Rule 12(b)(6) motion, can include references to evidence

extraneous to the complaint without converting it to a Rule 56 summary judgment

motion. *See Wheeler v. Hurdman*, 825 F.2d 257, 259, n.5 (10th Cir. 1987). However,

when jurisdictional issues raised in a Rule 12(b)(1) motion are intertwined with the

case's merits, the Court must resolve the motion under either Rule 12(b)(6) or Rule 56.

*Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129-30 (10th Cir. 1999). The

jurisdictional question is considered intertwined with the merits of the case when, as

here, the court's subject matter jurisdiction is conditioned upon the same statute that

provides the substantive claim in the case. *See Trainor v. Apollo Metal Specialties, Inc.*,

318 F.3d 976, 978 (10th Cir. 2002). Moreover, the Tenth Circuit has found that "the

determination of whether the FTCA excepts the government's action from its waiver of

sovereign immunity involves both jurisdictional and merits issues," and, therefore,

should be resolved under Rule 56. *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir.

1997). Thus, the Court will treat the Motion as a motion for summary judgment pursuant

to Rule 56.

Summary judgment is appropriate if "the record contains no evidence of a genuine issue of material fact and demonstrates that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247 (1986); *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997); Fed. R. Civ. P. 56(c). The Court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 484 (10th Cir. 1995). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256. Once the moving party has met its burden, the non-moving party must do more than merely show that there is some doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of the pleadings, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256. Although the Court views the evidence and draws all inferences in the light most favorable to the party opposing summary judgment, that party still "must identify sufficient evidence which would require submission of the case to a jury." *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992). Unsupported and conclusory allegations are insufficient to defeat a proper motion for summary judgment. *Anderson*, 477 U.S. at 248.

## III.    Analysis

To determine whether Plaintiff's claims fall under the discretionary function exception to the FTCA's waiver of sovereign immunity, the first prong of the *Berkovitz* analysis requires the Court to consider whether the agents' actions or omissions were discretionary, or "involve[] an element of judgment or choice." *Berkovitz*, 486 U.S. at

536. Conduct is not discretionary where "a federal rule, statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Garcia v. United States Air Force*, 533 F.3d 1170, 1175 (10th Cir. 2008) (citing *Berkovitz*, 486 U.S. at 536).

According to Defendant, the agents engaged in discretionary actions in establishing probable cause to obtain search warrants and to arrest and charge Plaintiff because there is no statute, regulation, or policy mandating specific steps an agent must take to identify a suspect. (Doc. 26 at 6-8).

In response, Plaintiff asserts that the DEA agents failed to follow nondiscretionary DEA policies. Specifically, Plaintiff alleges the DEA agents did not comply with:

> (1) DEA Agents Manual § 6641.12, which defines probable cause as "those sets of facts and circumstances that would lead a reasonable law enforcement officer (not an untrained citizen) to believe a crime has been committed, and that the subject committed it." (Doc. 23-6);

> (2) DEA Agents Manual § 6641.13, which instructs that, when practicable, agents should obtain an arrest warrant before making an arrest, but "[i]f time constraints or the facts and circumstances of the case do not allow sufficient time to obtain an arrest warrant, an arrest in public may be made without a warrant [if] the subject has committed or is committing a federal offense (misdemeanor or felony) in the [agent's] presence, or the [agent] has probable cause to believe that the subject has committed a federal felony." (Doc. 26-2);

> (3) DEA Agents Manual § 6641.15, ¶ B.4., stating that the statement of probable cause in a criminal complaint is assessed under a "totality of the circumstances" standard, in which an agent must establish that there is a "fair probability" that the defendant has committed a crime, and cites to § 6641.12. (Doc. 26-4); and

4) DEA Guide for Disciplinary Offenses and Penalties, Appendix 2735A, Section V.g., which provides guidance regarding intentional, reckless, and negligent violations of rules governing searches and seizures. (Doc. 26-5 at 2).

(Doc. 28 at 14-17). Plaintiff contends these policies are not discretionary because agents must follow them when establishing probable cause, conducting warrantless arrests, and preparing criminal complaints. *Id.* at 17. Plaintiff further contends that the existence of penalties for violating DEA policies demonstrates that the policies do not permit the use of discretion by DEA agents. *Id.*

A. <u>Relevant DEA Policies</u>

The parties initially dispute which policies the Court should consider in deciding Defendant's Motion. Defendant states that, in the Amended Complaint, Plaintiff cited to versions of DEA policies §§ 6641.13 and 6641.15 that were not in effect at the time of the challenged conduct. (Doc. 26 at 15-16); (Doc. 26-1, ¶ 13). Defendant attached to its Motion the correct versions of those policies. (Docs. 26-2, 26-4). In his Response, Plaintiff relies on the updated policies provided by Defendant as well as the text of § 6641.12 from the Amended Complaint at Doc. 23-6, since Defendant did not provide an update of that policy. (Doc. 28 at 14-17). Therefore, the Court will consider the text of § 6641.12 contained in Plaintiff's Amended Complaint at Doc. 23-6, and the text of §§ 6641.13 and 6641.15 contained in Docs. 26-2 and 26-4.

Defendant also contends that Plaintiff cited to an outdated version of Appendix 2735A, and attaches the correct version to its Motion. *See* (Doc. 26-5). Plaintiff states that Defendant has only provided two pages of Appendix 2735A of the DEA's Guide for Disciplinary Offenses and Penalties, and that the withheld portions of the Appendix "may also demonstrate violations of DEA Policies (by Defendant) relative to the *same*

violations" as those in Section V.g. (Doc. 28 at 16, n.9). Therefore, Plaintiff states that the Court should consider the earlier text of Appendix 2735A at Exhibit 5 to the Amended Complaint, and asks the Court "to consider ordering defendant to disclose the entire section of the DEA Manual addressing search and seizure, if it is necessary for the Court to render its decision." *Id.* at 16, n.10. In its Reply, Defendant argues that it is Plaintiff's burden to identify applicable policies in order to defeat the discretionary function exception. (Doc. 30 at 2-3). Defendant further states that Plaintiff has failed to follow the proper procedure for obtaining additional discovery under Rule 56(d). *Id.* at 4, n.2.

First, to the extent Plaintiff seeks additional discovery to respond to Defendant's Motion, Rule 56(d) requires Plaintiff to file an affidavit showing that he cannot present facts essential to justify his opposition to the Motion. Fed. R. Civ. P. 56(d). Plaintiff's statement in a footnote asking the Court to consider ordering additional information does not comply with that Rule.

In addition, it is Plaintiff's burden to establish that the discretionary function exception does not apply and that the Court has subject matter jurisdiction in this case. While Plaintiff argues that Defendant bears the burden of proving the applicability of the discretionary function exception, Plaintiff relies exclusively on cases outside the Tenth Circuit for this assertion. (Doc. 28 at 9-11) (relying on cases from the Ninth, Third, and First Circuits). The Tenth Circuit, however, has explicitly held that it is the plaintiff's burden to show that the discretionary function exception does not bar the Court's subject matter jurisdiction. *See Garcia v. United States*, 533 F.3d 1170, 1175 (10th Cir. 2008) ("The discretionary function exception poses a jurisdictional prerequisite to suit,

which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction."); *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir. 1998) (same). Therefore, it is Plaintiff's burden to identify any mandatory statutes, regulations, or policies that Defendant violated. *See Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir. 2008) ("Of course, there is also the possibility that such a regulation might exist in the copious directives of the Department of Defense and plaintiffs have, despite their admirable diligence in pursuing this case, just missed it. But the burden under our case law to present evidence of a discretion-constraining regulation or policy resides with the plaintiffs.").

Finally, the Court finds that it makes no difference whether it considers the version of Appendix 2735A that is attached to the Amended Complaint at Doc. 23-6, or the version provided by Defendant at Doc. 26-5. As set forth more fully below, the Court finds that the existence of either of these disciplinary policies does not establish that the agents failed to follow nondiscretionary DEA policies.

    B.  *Claim One - Negligence*

        1.  *The Government Employees' Conduct was Discretionary*

Plaintiff's first claim is that Defendant negligently and falsely identified Plaintiff as the person in the February 2012 video who had distributed a controlled substance, and that Defendant negligently arrested and charged him on the basis of that false identification. (Doc. 23, ¶¶ 85-90). Plaintiff argues that the discretionary function exception does not apply to his negligence claim because the DEA agents failed to follow nondiscretionary policies in determining that Plaintiff was the person in the 2012 video. (Doc. 28 at 14). Accordingly, Plaintiff states that probable cause was never

established because "DEA Policy does not authorize false identification of individuals or allow discretion to identify persons falsely as an element for establishing Probable Cause." *Id.* at 18.

### a. DEA Policies §§ 6641.12, 6641.13, and 6641.15 are Discretionary

The policies relied on by Plaintiff do not set forth specific steps that agents must comply with in order to establish probable cause. Section 6641.12 defines probable cause, but does not state what an agent must do to find that probable cause exists. Similarly, § 6641.13 states that an agent may make a warrantless arrest if he has probable cause to believe that the subject has committed a federal felony, but does not specify what steps an agent must take to make such a determination. Section 6641.15 instructs that the statement of probable cause in a criminal complaint must provide "sufficient detail regarding the facts and circumstances to justify the arrest," that "[p]robable cause need not be based on the personal knowledge of the complainant," and that "[p]robable cause is assessed under a totality of the circumstances standard, in which a[n agent] must establish that there is a 'fair probability' that the defendant has committed a crime." (Doc. 26-4 at 1). None of these instructions set forth a specific course of action for agents to follow.

Plaintiff criticizes the DEA agents' actions because they were not involved in the February 2012 undercover operation, did not have prior encounters or face-to-face meetings with Plaintiff or his brother, the APD officer stated only that the subject of the video *appeared* to be Plaintiff, the agents were aware that Plaintiff's business was operated by family members who resemble each other, and Plaintiff notified the agent during his arrest that he was not the individual involved in the February 2012 incident.

(Doc. 28 at 18, n.12). Nevertheless, these actions or inactions by the DEA agents did not violate DEA policy. *See* (Doc. 26-1, ¶ 13, Affidavit of Anthony D. Williams, Assistant Administrator and Chief of Operations of the Department of Justice and DEA, "There is no statute, regulation, or policy of DEA or DOJ that mandates the nature and extent of [a controlled substances distribution and conspiracy investigation] or the use of particular investigative techniques to identify a suspect in such an enforcement operation."). Moreover, even if the agents acted negligently or abused their discretion, in the absence of a nondiscretionary policy the Court is bound to apply the discretionary function exception. *See* 28 U.S.C. § 2680(a) (sovereign immunity is not waived for claims based on the exercise of a discretionary function "whether or not the discretion involved is abused"); *Garcia*, 533 F.3d at 1176 (question of negligence is irrelevant because the discretionary function exception applies "whether or not the discretion involved be abused"); *Aragon*, 146 F.3d. at 822 ("The [discretionary function] exception applies even if the governmental employees were negligent.").

Plaintiff also contends that § 6641.13 is a nondiscretionary policy because it requires agents to obtain an arrest warrant when practicable and the agents had sufficient time to do so in this case. (Doc. 28 at 19). The term "when practicable," however, allows agents to use their discretion to determine whether or not it is practicable to seek an arrest warrant. *See Aragon*, 146 F.3d at 824 ("'As may be practicable' is a prime example of discretionary language."). The policy further allows agents to make a warrantless arrest "[i]f time constraints or the facts and circumstances of the case do not allow sufficient time to obtain an arrest warrant." (Doc. 26-2, § 6641.13, A.). While Plaintiff speculates the agents had time to obtain a warrant, the

issue before the Court is not whether or not the agents' actions were negligent, but instead is whether the policy gave the agents discretion to act. The Court finds that it did, and, therefore, the agents' actions fall under the discretionary function exception.

### b. DEA Disciplinary Policy Does not Render DEA Policies Nondiscretionary

In addition, Plaintiff argues that the existence of penalties for violations of DEA policies regarding searches and seizures demonstrates that DEA policies do not allow the use of discretion by DEA agents. (Doc. 28 at 17). Plaintiff states: "Inherently, DEA Agents would not be subject to punishment (penalties) for violations of DEA Policies that allow the use of discretion (by DEA Agents) during execution of DEA Policies." *Id.*

Plaintiff provides no support for this assertion. Moreover, as stated above, the discretionary function exception preserves the government's immunity regardless of the employees' negligence or abuse of discretion. So, even if DEA agents can be punished for not following procedure, that does not necessarily mean the procedure is nondiscretionary for purposes of the discretionary function exception to the FTCA's waiver of sovereign immunity. Therefore, the Court finds that the existence of a guide for disciplinary penalties does not mandate a finding that the DEA's policies are nondiscretionary.

### c. Plaintiff's Claims are Based on Negligent Investigation Allegations

In addition to finding the DEA agents acted pursuant to discretionary policies, the Court finds that Plaintiff's claims are barred by the discretionary function exception because they are based on allegations of a negligent investigation. *See Cortez v. EEOC*, 585 F. Supp.2d 1273, 1286 (D. N.M. 2007) ("Generally, the discretionary

function exception covers law enforcement and investigatory activities."). While Plaintiff asserts that he is not alleging that Defendant engaged in a negligent investigation (Doc. 28 at 21), Plaintiff's allegations that the DEA agents failed to properly establish probable cause equates to a criticism of Defendant's investigation process.

Similarly, in *Hobdy v. United States*, an investigation by the Criminal Investigation Division of the Office of the Inspector General gave rise to the plaintiff's trespass, invasion of privacy, and negligence claims under the FTCA. 968 F.2d 20, 1992 WL 149871, at *2 (10th Cir. 1992) (unpublished). The Tenth Circuit held that the decision to investigate was protected under the discretionary function exception, explaining that "[d]eciding how to investigate, who to investigate, and how to present evidence to the proper authorities are classic examples of immunized prosecutorial conduct." *Id.*; *see also Alfrey v. United States*, 276 F.3d 557, 566 (9th Cir. 2002) ("[I]nvestigations by federal officers clearly involve the type of policy judgment protected by the discretionary-function exception."); *Sloan v. United States Dept. of Housing and Urban Dev.*, 236 F.3d 756, 760 (D.C. Cir. 2001) ("The decision to initiate a prosecution has long been regarded as a classic discretionary function."); *Horta v. Sullivan*, 4 F.3d 2, 21 (1st Cir. 1993) ("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); *Valdez v. United States*, 2009 WL 2365549 (S.D. N.Y. July 31, 2009) (unpublished) (applying the discretionary function exception despite Plaintiff's contention that the agent failed to interview a certain witness, conduct a line-up, show the witness a photo array, or otherwise further investigate a claim of mistaken identity); *Kerns v. United States*, 2007 WL 552227, *21 (D. Ariz. Feb. 21, 2007)

(unpublished), *rev'd on other grounds*, 2009 WL 226207 (9th Cir. Jan. 28, 2009), ("The discretionary function exception has been applied to shield review of the negligent investigation and arrest of a person later determined to be innocent of the charged offense."); *Rourke v. United States*, 744 F. Supp. 100, 103 (E.D. Pa. 1988) ("[C]laims based upon an erroneous decision to prosecute a suspect later shown to be innocent of the crime for which he was arrested are not actionable since the officers' decision to arrest and prosecute is a discretionary function of law enforcement officers.").

On the other hand, some courts have held that a federal agent's decision-making during a criminal investigation was nondiscretionary when the agent allegedly engaged in egregious acts intentionally and in bad faith to violate a federal law. For example, in *Reynolds v. United States*, the Seventh Circuit did not apply the discretionary function exception to the plaintiff's claim that the defendant submitted a probable cause affidavit knowingly containing false information. 549 F.3d 1108, 1113 (7th Cir. 2008). The Court reasoned that "a federal investigator's decision to lie under oath is separable from the discretionary decision to prosecute." *Id.*; *see also Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir.1995) (finding that deciding whether to prosecute, assessing a witness's credibility, identifying the evidence to submit to the grand jury, and determining whether information is exculpatory and material and therefore must be disclosed pursuant to a Brady request, are "quintessentially discretionary," but that "[d]isclosing grand jury testimony to unauthorized third parties, however, is not a discretionary activity nor is it inextricably tied to matters requiring the exercise of discretion").

Here, Plaintiff does not allege bad faith or intentional misconduct on the part of the DEA agents. Instead, viewed in the light most favorable to Plaintiff, Plaintiff's

allegations theorize that the DEA agents acted negligently in misidentifying Plaintiff as his brother, and, thus, finding probable cause that Plaintiff was the subject of the 2012 video. Therefore, Plaintiff's claims are closer to the claims in *Hobdy* and other cases with negligent investigation claims that are subject to the discretionary function exception. Based on the foregoing, the Court finds that Defendant's actions were discretionary, so the first *Berkovitz* prong is satisfied. [2]

    2.   *The Governmental Conduct was Based on Considerations of Public Policy*

Having found that the challenged conduct was discretionary, the Court must now turn to the second prong of the *Berkovitz* analysis and determine whether the governmental actions and decisions were based on considerations of public policy. *Berkovitz*, 486 U.S. at 536-37. Where agency policy allows an employee to exercise discretion, there is a "strong presumption" that the acts authorized by the policy are grounded in public policy. *United States v. Gaubert*, 499 U.S. 315, 324 (1991). The pertinent inquiry is whether the government employee's decision "implicates the exercise of a policy judgment of a social, economic, or political nature." *Elder v. United States*, 312 F.3d 1172, 1181 (10th Cir. 2002).

Plaintiff argues that Defendant's conduct is not grounded in public policy considerations because Defendant's failure to abide by DEA policies is in conflict with the intent of those policies. (Doc. 28 at 24). Plaintiff states that "Congress did not intend for federal employees to breach and disobey statutes, regulations, and policies in

---

[2] Plaintiff argues in his Response that, if the Court determines that the challenged conduct was discretionary, the Court must then determine whether Defendant meets the due care exception to the FTCA's waiver of sovereign immunity. (Doc. 28 at 22-23). The due care and discretionary function clauses are separate exceptions to the FTCA's waiver of sovereign immunity, and Defendant did not invoke the due care clause. Therefore, it is not necessary for the Court to consider whether the due care clause applies in this case.

exercising duties, tasks, and behavior," so Defendant's conduct in this case "cannot be deemed a matter of policy consideration." *Id.* Plaintiff further contends that Defendant's decisions in this case "cannot be considered matters of formulation of regulation or policy, or intended to guide the conduct or actions of other federal employees in similar settings and circumstances," and that decisions made by low-level law enforcement agents and supervisors are not shielded under the second *Berkovitz* prong. *Id.* at 24-25.

To the extent Plaintiff contends that Defendant's conduct is not based on public policy considerations because the agents themselves do not have policy-making authority, this argument has been rejected by the United States Supreme Court. *See Gaubert*, 499 U.S. at 325 ("Discretionary conduct is not confined to the policy or planning level."); *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813 (1984) (holding it "is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies"). The Court also rejects Plaintiff's argument that Defendant's conduct cannot be based on public policy because the agents allegedly did not comply with DEA policies. Plaintiff provides no support for this contention, and, as noted above, the discretionary function exception applies to behavior by a government employee that is negligent or an abuse of discretion.

The Court finds that the agents' actions in investigating, obtaining a search warrant, and arresting and charging Plaintiff, are based on consideration of public policies, such as the use of DEA agency funds, relationships with local law enforcement entities, and consideration of community and officer safety issues. As explained in the affidavit of DEA Assistant Administrator and Chief of Operations, Anthony D. Williams, a

decision by the DEA to conduct an investigation, and the nature and extent of that investigation, are subject to policy considerations such as how to allocate DEA resources, the extent of cooperation with state and local law enforcement agencies, and balancing risks to the public and law enforcement officers with the public interest in decreasing the availability of illegal narcotics. (Doc. 26-1, ¶¶ 15-19); *see also Doherty v. United States*, 905 F. Supp. 54, 56 (D. Mass. 1995) (explaining that the process of deciding how and when to seek a search warrant is grounded in policy considerations). For these reasons, the Court finds that the governmental actions were based on considerations of public policy and the second *Berkovitz* prong is satisfied. Accordingly, the Court finds that the discretionary function exception to the FTCA's waiver of sovereign immunity applies to Plaintiff's first claim, and the Court recommends that Defendant's Motion be granted as to this claim.

### C. *Claims Two and Three - False Arrest and False Imprisonment*

Defendant contends that all of Plaintiff's claims, including her intentional tort claims for false arrest and false imprisonment, are barred under the discretionary function exception. (Doc. 26 at 13). Defendant argues that Plaintiff's false arrest and false imprisonment claims are based on her claim that Defendant's negligent investigation led to Plaintiff's misidentification. *Id.* ("In other words, Plaintiff's theory is not that DEA knew of facts undermining its identification and disregarded them—it is that the agency should have done more to uncover the right facts."). Defendant also contends that Plaintiff's false arrest and false imprisonment claims are independently barred because the DEA agents did not violate any mandatory statute, rule, or policy in arresting or imprisoning Plaintiff, and because decisions to arrest and prosecute a

suspect are susceptible to policy concerns. *Id.* at 14-21. (Doc. 26 at 13-21). Defendant further argues the discretionary function exception applies to these claims, even though they fall within the law enforcement proviso of § 2680(h). *Id.* at 21-25.

Plaintiff responds that the discretionary function exception does not apply to his false arrest and false imprisonment claims because those claims fall under the law enforcement proviso of the intentional torts exception of the FTCA. (Doc. 28 at 30). Plaintiff urges the Court to follow the Fifth and Eleventh Circuits which have held that the discretionary function exception does not bar intentional torts committed by law enforcement officers. *Id.* at 32-34 (citing *Sutton v. United States*, 819 F.2d 1289 (5th Cir. 1987), and *Nguyen v. United States*, 556 F.3d 1244 (11th Cir. 2009)).

Under the provision known as the "intentional tort exception" of the FTCA, sovereign immunity is not waived for: "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). However, sovereign immunity is waived for six of those torts (assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution) when they arise from the acts or omissions of federal law enforcement officers. *Id.* This exception to the intentional tort exception is known as the "law enforcement proviso." *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1296 (10th Cir. 2017).

There is a split among the circuits regarding the interplay between the law enforcement proviso and the discretionary function exception. Several circuits have found that a plaintiff bringing an intentional tort claim under the law enforcement proviso must first clear the discretionary function hurdle. *See Medina v. United States,* 259 F.3d

220, 224-26 (4th Cir. 2001) (holding that intentional tort claims under § 2680(h) must also clear the discretionary function hurdle under § 2680(a)); *Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994); *Pooler v. United States*, 787 F.2d 868, 871-72 (3d Cir. 1986); *Gray v. Bell*, 712 F.2d 490, 508 (D.C. Cir. 1983); *Caban v. United States*, 671 F.2d 1230, 1234-35 (2d Cir. 1982); *see also Crow v. United States*, 634 F. Supp. 1085, 1088 (D. Kan. 1986) ("plaintiff must both clear the discretionary function hurdle and satisfy the investigative or law enforcement officer limitation to sustain his malicious prosecution and abuse of process claims"). The Fifth and Eleventh Circuits have instead held that the discretionary function exception does not bar plaintiffs from asserting the intentional torts that fall within the law enforcement proviso. *See Nguyen v. United States*, 556 F.3d 1244, 1256-57 (11th Cir. 2009) ("[I]f a claim is one of those listed in the proviso to subsection (h), there is no need to determine if the acts giving rise to it involve a discretionary function; sovereign immunity is waived in any event."); *Sutton v. United States*, 819 F.2d 1289, 1297 (5th Cir. 1987).

The Tenth Circuit has not explicitly ruled on this issue. Recently, however, in *Garling v. United States*, the Tenth Circuit noted the disagreement among the circuits, but declined to reach the issue because the plaintiffs in that case did not adequately plead their intentional tort claims. The plaintiffs in *Garling* brought FTCA claims against the Environmental Protection Agency for damages arising from a raid and investigation of the plaintiffs' laboratory. *Garling*, 849 F.3d at 1298, 1292. In considering whether the plaintiffs' false arrest, false imprisonment, and abuse of process claims fell within the law enforcement proviso, the Tenth Circuit stated that "a plaintiff may not recast a negligence tort as an intentional tort to take advantage of the law enforcement

exception to § 2680(h)," and that the Court looks to the substance of the claims "and not how [the plaintiffs] labeled them in their complaint." *Id.* at 1298. Finding the plaintiffs failed to allege intentional tort facts, the Court reasoned that the plaintiffs' claims instead "stem from the EPA's raid and investigation, and the facts alleged at most amount to negligence or recklessness." *Id.* Therefore, the Tenth Circuit held that the discretionary function exception precluded the plaintiffs' intentional tort claims and the district court lacked jurisdiction over the claims. *Id.* ("The Garlings attempt to ascribe the labels of 'false arrest,' 'false imprisonment,' and 'abuse of process' to these allegations to fit the law enforcement proviso in § 2680(h). But considering, as we must, the substance of the allegations and not the labels, we conclude the district court lacked jurisdiction over these claims.").

Considering the Tenth Circuit's reasoning in *Garling*, the Court finds that Plaintiff ascribes the labels of "false arrest" and "false imprisonment" to claims that stem from the DEA agents' investigation, and that these claims "at most amount to negligence or recklessness." *Id.* Plaintiff argues that his intentional tort claims are supported by allegations that the DEA agents "deliberately ignored the non-discretionary mandates of DEA Policy and Defendant's actions were intended to arrest and incarcerate Plaintiff." (Doc. 28 at 34-35). First, the Court has found that the DEA policies relied on by Plaintiff are discretionary and, as such, did not specifically prescribe a course of action for DEA agents to follow in finding probable cause to obtain search warrants and to arrest and charge Plaintiff. Moreover, Plaintiff's Amended Complaint does not contain allegations that the agents deliberately misidentified Plaintiff as the person in the 2012 video. Plaintiff does not allege that the agents knew that Plaintiff was misidentified or that they

arrested or imprisoned him knowing that he was not the subject of the video. Instead, as in *Garling*, Plaintiff's false arrest and false imprisonment claims are based on allegations that the DEA agents negligently identified Plaintiff as the subject of the video. Looking at the substance of Plaintiff's claims, the Court finds that Plaintiff's intentional tort claims amount to claims for negligence, so the law enforcement proviso does not apply in this case. Because these claims are based on the same facts as Plaintiff's negligence claim, the Court finds that, for the same reasons set forth above in sections III.B.1. and 2., the discretionary function exception to the FTCA's waiver of sovereign immunity applies to Plaintiff's false arrest and false imprisonment claims. Therefore, the Court recommends that Defendant's Motion be granted as to Claims Two and Three.

## IV. Recommendation

For the reasons stated above, the Court finds that all of Plaintiff's claims fall within the discretionary function exception of the FTCA's waiver of sovereign immunity, so the Court does not have subject matter jurisdiction over Plaintiff's claims. The Tenth Circuit has emphasized that dismissals for lack of jurisdiction, including those for a failure to establish a waiver of sovereign immunity under the FTCA, should be without prejudice. *See Mecca v. United States*, 389 Fed. Appx. 775, 780-81 (10th Cir. 2010) (unpublished) ("[B]ecause the district court found itself without jurisdiction over the FTCA claims, dismissal should have been entered without prejudice, even if the court deemed further amendment futile."). Thus, the Court recommends dismissal of Plaintiff's claims without prejudice.

**IT IS THEREFORE RECOMMENDED** that *Defendant's Rule 12(B)(1) and Rule 56 Motion to Dismiss and Memorandum in Support* (the "Motion"), (Doc. 26) be **GRANTED**, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE