**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD ABED AWAD,

    Plaintiff,

v.                                                                          CV No. 15-373 MV/CG

UNITED STATES OF AMERICA,

    Defendant.

**ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Chief Magistrate Judge's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 43), filed April 13, 2018; *Plaintiff's Objections to the United States Magistrate Judge's Proposed Findings and Recommended Disposition Regarding Defendant's Motion to Dismiss for Lack of Jurisdiction* (the "Objections"), (Doc. 44), filed April 26, 2018; Defendant's *Response of the United States in Opposition to Plaintiff's Objections to the United States Magistrate Judge's Proposed Findings and Recommended Disposition* (the "Response"), (Doc. 48), filed May 18, 2018; and *Plaintiff's Reply to Defendant's Response to Plaintiff's Objections to the United States Magistrate Judge's Proposed Findings and Recommended Disposition Regarding Defendant's Motion to Dismiss for Lack of Jurisdiction* (the "Reply"), (Doc. 49), filed May 23, 2018. This matter is also before the Court on *Plaintiff's Unopposed* Nunc Pro Tunc *Motion to File Reply to Government's Response to Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 51), filed June 5, 2018.

On April 13, 2018, the Chief Magistrate Judge found that the Court does not have subject matter jurisdiction over Plaintiff's claims because they fall within the discretionary function exception of the Federal Tort Claims Act's (the "FTCA") waiver of sovereign immunity. (Doc. 43 at 24). Therefore, the Chief Magistrate Judge recommended that *Defendant's Rule 12(B)(1) and Rule 56 Motion to Dismiss and Memorandum in Support* (the "Motion to Dismiss"), (Doc. 26), be granted, and that Plaintiff's claims be dismissed without prejudice. *Id.* at 24-25. The parties were notified that written objections were due within fourteen days. *Id.* at 25. Plaintiff filed his Objections on April 26, 2018. (Doc. 44). Following a *de novo* review of the record and the PFRD, the Court will: (1) grant *Plaintiff's Unopposed* Nunc Pro Tunc *Motion to File Reply to Government's Response to Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 51); (2) overrule Plaintiff's Objections; (3) grant Defendant's Motion to Dismiss, (Doc. 26); and (4) adopt the PFRD and dismiss this case without prejudice.

**I.     Background**

This case arises from Plaintiff's arrest for distribution of a controlled substance. (Doc. 43 at 2). On February 20, 2012, at a smoke shop in Albuquerque, New Mexico, an Albuquerque Police Department ("APD") officer purchased a banned substance as part of an undercover operation. (Doc. 23, ¶¶ 21, 24); (Doc. 23-7). Plaintiff was the registered owner of the shop, and the officer's report stated that Plaintiff "appeared to be" the person who sold the controlled substance to him. (Doc. 23-7). However, it was later determined that the person who sold the substance to the officer was Plaintiff's brother, Belal Awad, who resembles Plaintiff. (Doc. 23, ¶¶ 24, 29).

2

On March 18, 2014, Drug Enforcement Agency ("DEA") Agent S.H. submitted to the Court applications for search warrants and supporting affidavits to search Plaintiff's residence and several other locations. *Id.*, ¶ 34. The affidavits stated that Agent S.H. reviewed a video of the February 20, 2012 purchase and identified Plaintiff as the person who sold the controlled substance to the APD officer. *Id.*, ¶ 35. On March 20, 2014, the DEA searched Plaintiff's residence and arrested Plaintiff without a warrant. *Id.*, ¶¶ 37-38. On March 21, 2014, DEA Agent J.M. filed a Criminal Complaint with supporting affidavit stating that Agents J.M. and S.H. reviewed the February 20, 2012, video and identified Plaintiff as the person who sold the controlled substance. *Id.*, ¶ 40; (Doc. 23-2). Plaintiff was charged with distribution of a controlled substance and was incarcerated from March 20, 2014 to September 9, 2014. *Id.*, ¶¶ 41-42. On September 9, 2014, the United States Attorney's Office dismissed the charge against Plaintiff, and Plaintiff was released from incarceration. *Id.*, ¶¶ 74-75. On September 17, 2014, Agent S.H. filed a Criminal Complaint with a supporting affidavit stating that Belal Awad was the person in the February 20, 2012 video, and charged him with distribution of a controlled substance. (Doc. 23-5).

In Plaintiff's Amended Complaint, Plaintiff brought three tort claims against Defendant under the FTCA for: (1) negligence in the identification of Plaintiff as the individual in the February 20, 2012, video who distributed a controlled substance, and for negligently arresting, charging, and imprisoning Plaintiff based on that identification, (Doc. 23, ¶¶ 84-92); (2) the intentional tort of false arrest based on the incorrect identification of Plaintiff in the video, (*id.*, ¶¶ 93-99); and (3) the intentional tort of false imprisonment, also based on the incorrect identification of Plaintiff in the video, (*id.*, ¶¶

3

100-06). In Defendant's Motion to Dismiss, Defendant contends the Court lacks subject matter jurisdiction to hear Plaintiff's claims because Defendant's sovereign immunity is not waived by the FTCA. (Doc. 26 at 6).

On March 28, 2018, the Court referred this case to Chief Magistrate Judge Garza to perform legal analysis and recommend an ultimate disposition. (Doc. 42). In the PFRD, the Chief Magistrate Judge explained the FTCA waives sovereign immunity and authorizes suits against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(Doc. 44 at 4-5) (quoting 28 U.S.C. § 1346(b)(1)). However, the "discretionary function" exception to the FTCA provides that the United States' immunity is maintained for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved is abused." 28 U.S.C. § 2680(a).

The Chief Magistrate Judge first considered whether the discretionary function exception to the FTCA's waiver of sovereign immunity applies to Plaintiff's claim that the agents were negligent in identifying Plaintiff as the individual in the 2012 video, and in arresting, charging, and imprisoning Plaintiff based on that identification. (Doc. 44 at 12-20). The Chief Magistrate Judge conducted the two-prong analysis set out in *Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988). (Doc. 44 at 12-20). This analysis consists of determining: (1) whether the acts or omissions of the government employee

were discretionary; and (2) whether the governmental actions and decisions were based on considerations of public policy. 486 U.S. at 536-37. Under the first prong, the Chief Magistrate Judge found the agents' acts or omissions were discretionary because their decisions involved elements of judgment or choice and they were not bound by policies that prescribed a specific course of action for them to follow. *Id.* at 12-18. Under the second prong, the Chief Magistrate Judge found the agents' actions and decisions were based on considerations of public policy, such as the use of DEA funds, relationships with local law enforcement entities, and consideration of community and officer safety issues. *Id.* at 18-20. Therefore, the Chief Magistrate Judge found that Plaintiff's negligence claim falls within the discretionary function exception of the FTCA's waiver of sovereign immunity. *Id.* at 20.

Next, the Chief Magistrate Judge considered whether Plaintiff's intentional tort claims of false arrest and false imprisonment are also barred under the discretionary function exception, or whether they fall within the law enforcement proviso of the intentional torts exception of the FTCA. *Id.* at 20-24. The intentional tort exception of the FTCA provides that sovereign immunity is not waived for certain intentional torts, including false imprisonment and false arrest, except when those torts arise from the acts or omissions of law enforcement officers. *Id.* at 20. The Chief Magistrate Judge relied on the Tenth Circuit's decision in *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1298 (10th Cir. 2017), where the Tenth Circuit cautioned that "a plaintiff may not recast a negligence tort as an intentional tort to take advantage of the law enforcement exception to" the FTCA, and that courts should look to the substance of the claims "and not how [the plaintiffs] labeled them in their complaint." *Id.* at 23. The

5

Chief Magistrate Judge noted that Plaintiff's Amended Complaint does not contain allegations that the agents deliberately misidentified Plaintiff as the person in the 2012 video, that the agents knew that Plaintiff was misidentified, or that they arrested or imprisoned him knowing that he was not the subject of the video. *Id.* at 23-24. Therefore, the Chief Magistrate Judge found that Plaintiff's intentional tort claims amount to claims for negligence, so the law enforcement proviso does not apply in this case. Therefore, the Chief Magistrate Judge recommended that Defendant's Motion to Dismiss be granted, and that Plaintiff's claims be dismissed without prejudice. *Id.* at 24.

**II.    Analysis**

  A. *Plaintiff's Motion to File a Reply to Defendant's Response to Plaintiff's Objections*

Plaintiff asks the Court to allow him to file a reply to address arguments raised in Defendant's Response to Plaintiff's Objections to the PFRD. (Doc. 51 at 2). Defendant does not object to Plaintiff's request. *Id.* at 3. Although Federal Rule of Civil Procedure 72(b) contains no provision allowing a reply to a party's objections, in the interests of justice the Court will grant Plaintiff's motion to file a reply and will consider the reply.

  B. *Law Regarding Objections*

When resolving objections to a magistrate judge's recommendations, the district judge must make a *de novo* determination regarding any part of the recommendations to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that sufficiently specific and address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an

issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### C. Plaintiff's Objections

Plaintiff contends the Chief Magistrate Judge erred by: (1) finding that Plaintiff's negligence claim falls within the discretionary function exception of the FTCA's waiver of sovereign immunity; and (2) finding that the law enforcement proviso does not apply to Plaintiff's intentional tort claims. (Doc. 44 at 2-21). Defendant responds that the Chief Magistrate Judge properly found that sovereign immunity is not waived under the FTCA for any of Plaintiff's claims, and contends Plaintiff did not demonstrate a genuine dispute as to any material facts. (Doc. 48 at 2-12).

#### 1. Discretionary Function Exception to the FTCA

Plaintiff's first objection is that the Chief Magistrate Judge erroneously found that Plaintiff's negligence claim is barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. (Doc. 44 at 4-14). Specifically, Plaintiff contends the DEA policies regarding probable cause, §§ 6641.12, 6641.13, and 6641.15, are nondiscretionary because they mandate that officers must establish that a crime has been committed and that the subject committed the crime in order to establish probable cause. *Id.* Because the agents here "obtained a criminal complaint against Plaintiff based on a false identification and dishonest information propounded under oath,"

Plaintiff contends the agents violated nondiscretionary DEA policies regarding establishing probable cause. *Id.* at 6. In addition, Plaintiff contends the Chief Magistrate Judge erroneously found that Plaintiff alleged a negligent investigation. *Id.* at 14-16. Plaintiff states that he does not claim the agents' investigation was negligent; rather, Plaintiff contends that because he did not commit the crime for which Defendant arrested him, there was no probable cause to arrest him in the first place. *Id.* at 15.

In its Response, Defendant argues that the DEA policies relied on by Plaintiff are discretionary because they "merely provide guidance for agents making decisions about probable cause and criminal complaints: precisely the sort of discretion covered by the discretionary function exception." (Doc. 48 at 8). Because the policies require agents to use discretion in determining how to proceed in a criminal investigation, Defendant contends the policies are inherently discretionary. *Id.* at 5-8. Defendant states: "Under Plaintiff's theory, any agency regulation that provides guidance to a government actor in utilizing his discretion or making a multi-part determination based on the available facts would prohibit the application of the discretionary function exception." *Id.* at 8.

In his Reply, Plaintiff disputes Defendant's contention that the agents "mistakenly" identified him in the criminal complaint, and argues that he instead was "falsely identified," which "signifies intentionally untrue—false testimony, dishonestly or crookedly." (Doc. 49 at 4). Plaintiff maintains that the DEA policies are nondiscretionary because "[n]owhere in the DEA policies does it appear that agents have the discretion to arrest a person who has not committed a federal offense and for whom they do not have probable cause but rather falsely, that is dishonestly, identified." *Id.* at 5. In the alternative, Plaintiff argues that even if the DEA policies are discretionary, the actions of

8

the agents are not rooted in public policy, so they do not involve the type of decision-making the discretionary function was designed to protect. *Id.* at 6-9.

In the PFRD, the Chief Magistrate Judge found that the DEA policies regarding establishing probable cause and conducting a warrantless arrest were discretionary. (Doc. 43 at 8-20). Plaintiff contends this finding was in error because the policies set forth two steps agents must follow to establish probable cause: (1) form a belief that a crime has been committed; and (2) form a belief that the subject committed the crime. (Doc. 44 at 5). A discretionary policy, however, is defined as one that "involves an element of judgment or choice," as opposed to policies that "specifically prescribe a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536. While these policies provide that an agent must believe a crime was committed and that the subject committed the crime, how an agent forms that belief is not specifically prescribed by DEA policy. As explained in the PFRD, none of the policies relied on by Plaintiff set forth specific steps that agents must follow in order to form the belief that probable cause exists; instead, the policies involve elements of judgment or choice. (Doc. 44 at 14).

Nevertheless, Plaintiff argues the agents violated nondiscretionary DEA policies regarding probable cause because the agents falsely identified Plaintiff as the subject of the 2012 video. (Doc. 44 at 4-6). The undisputed facts here show that the agents relied on the APD officer's report that Plaintiff was the registered owner of the smoke shop, that Plaintiff "appeared to be" the person in the 2012 video who sold the controlled substance to the officer, and that Plaintiff resembles his brother, who was later determined to be the person who sold the substance to the officer. (Doc. 23, ¶¶ 21, 24, 29), (Doc. 23-7). While the agents were wrong that Plaintiff was the person in the video,

9

that does not render the agents' actions nondiscretionary. *See* 28 U.S.C. § 2680(a) (sovereign immunity is not waived for claims based on the exercise of a discretionary function "whether or not the discretion involved is abused"); *Garcia v. United States Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008) (question of negligence is irrelevant because the discretionary function exception applies "whether or not the discretion involved be abused"); and *Aragon v. United States*, 146 F.3d. 819, 822 (10th Cir. 1998) ("The [discretionary function] exception applies even if the governmental employees were negligent.").

Plaintiff further contends that his claim is not based on a negligent investigation because the agents were "intentionally untrue" in identifying him as the subject of the 2012 video. (Doc. 49 at 4). Plaintiff is correct that intentional conduct during a criminal investigation can render a government employee's actions nondiscretionary. However, that conduct must involve egregious actions that are made in bad faith to violate a federal law. *See* (Doc. 43 at 17) (citing *Reynolds v. United States*, 549 F.3d 1108, 1113 (7th Cir. 2008) (stating "a federal investigator's decision to lie under oath is separable from the discretionary decision to prosecute"), and *Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir.1995) ("Disclosing grand jury testimony to unauthorized third parties, however, is not a discretionary activity nor is it inextricably tied to matters requiring the exercise of discretion.")). Even though Plaintiff states that the agents' behavior was intentional, Plaintiff provides no facts to support this statement, and Plaintiff's Amended Complaint contains no allegations that the agents deliberately misidentified Plaintiff as the person in the 2012 video, that the agents knew that Plaintiff was misidentified, or that they

arrested or imprisoned him knowing that he was not the subject of the video. (Doc. 23 at ¶¶ 21-77).

It is established law that claims based on a negligent investigation are barred by the discretionary function exception. *See Hobdy v. United States*, 968 F.2d 20,1992 WL 149871 (10th Cir. 1992) (unpublished) (holding that decisions regarding how to conduct a criminal investigation, including who to investigate and how to present evidence, are protected under the discretionary function exception); *Alfrey v. United States*, 276 F.3d 557, 566 (9th Cir. 2002) ("[I]nvestigations by federal officers clearly involve the type of policy judgment protected by the discretionary-function exception."); *Sloan v. United States Dept. of Housing and Urban Dev.*, 236 F.3d 756, 760 (D.C. Cir. 2001) ("The decision to initiate a prosecution has long been regarded as a classic discretionary function."); *Horta v. Sullivan*, 4 F.3d 2, 21 (1st Cir. 1993) (same); and *Cortez v. EEOC*, 585 F. Supp.2d 1273, 1286 (D. N.M. 2007) ("Generally, the discretionary function exception covers law enforcement and investigatory activities.").

Moreover, several courts have held that claims involving the incorrect identification of suspects fall within the discretionary function exception. *See, e.g., Valdez v. United States*, 2009 WL 2365549 (S.D. N.Y. July 31, 2009) (unpublished) (applying the discretionary function exception despite Plaintiff's contention that the agent failed to interview a certain witness, conduct a line-up, show the witness a photo array, or otherwise further investigate a claim of mistaken identity); *Kerns v. United States*, 2007 WL 552227, *21 (D. Ariz. Feb. 21, 2007) (unpublished), *rev'd on other grounds*, 2009 WL 226207 (9th Cir. Jan. 28, 2009), ("The discretionary function exception has been applied to shield review of the negligent investigation and arrest of

11

a person later determined to be innocent of the charged offense."); *Rourke v. United States*, 744 F. Supp. 100, 103 (E.D. Pa. 1988) ("[C]laims based upon an erroneous decision to prosecute a suspect later shown to be innocent of the crime for which he was arrested are not actionable since the officers' decision to arrest and prosecute is a discretionary function of law enforcement officers."). Plaintiff does not cite to any cases that have held that the misidentification of a suspect, absent a showing of intentional wrongdoing, constitutes a nondiscretionary action.

Based on the foregoing, the Court agrees with the Chief Magistrate Judge that, viewed in the light most favorable to Plaintiff, Plaintiff's allegations theorize that the DEA agents acted negligently in identifying Plaintiff as his brother and finding probable cause that Plaintiff was the subject of the 2012 video. *See* (Doc. 44 at 23). Therefore, the Court finds no error in the Chief Magistrate Judge's finding that Defendant's actions were discretionary, thereby satisfying the first *Berkovitz* prong.

In his Reply, Plaintiff argues that even if the DEA policies are discretionary, the actions of the agents do not satisfy *Berkovitz*' second prong because they are not rooted in public policy. *Id.* at 6-10. He contends that "day-to-day law enforcement such as drug investigations, arrests, surveillance and drug interdiction are not the kind of conduct that is as a general proposition fairly susceptible to public policy analysis." *Id.* at 9. Therefore, Plaintiff argues the agents' false identification and subsequent arrest of Plaintiff are not activities the discretionary function was designed to protect and do not meet the second *Berkovitz* prong. *Id.* at 10.

An argument raised in a reply brief is generally deemed waived. *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008). Nevertheless, since Plaintiff also raised

this argument in his response to Defendant's Motion to Dismiss, (Doc. 28 at 23-26), and it was addressed in the PFRD, (Doc. 43 at 18-20), the Court will consider it.

The United States Supreme Court has held that, "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to use discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert*, 499 U.S. 315, 324 (1991) ("If a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulation."). Moreover, at least one district court has found that officers' actions in deciding how and when to seek a search warrant are grounded in policy considerations. *See Doherty v. United States*, 905 F. Supp. 54, 56 (D. Mass. 1995) (finding the federal agents' conduct was based on the public policies of preventing crime and protecting public safety).

In the PFRD, the Chief Magistrate Judge found that the agents' actions in this case were based on consideration of public policies such as the use of DEA agency funds, relationships with local law enforcement entities, and consideration of community and officer safety issues. (Doc. 43 at 19-20) (relying on the affidavit of DEA Assistant Administrator and Chief of Operations, Anthony D. Williams, Doc. 26-1, ¶¶ 15-19). While Plaintiff contends the agents' actions are not based on public policy, he does not cite to any case law that would support such a finding. Instead, pursuant to *Gaubert*, because the agents acted in accordance with policies that allowed them discretion, they are entitled to a presumption that their actions are grounded in the public policy. Therefore,

the Court finds that the Chief Magistrate Judge did not err in finding that the agents' actions were based on considerations of public policy, thus satisfying the second *Berkovitz* prong.

### 2. Law Enforcement Proviso

Plaintiff also objects to the Chief Magistrate Judge's finding that his intentional tort claims are barred by the discretionary function exception because they amount to claims of negligence. (Doc. 44 at 16-21). Plaintiff urges the Court to follow the Fifth and Eleventh Circuits, which have held that the discretionary function exception is not a bar for intentional tort claims that fall under the law enforcement proviso. *Id.* at 17-18. Plaintiff again argues he alleged the agents acted intentionally, not negligently, by stating in his Amended Complaint that they "established Probable Cause **falsely** to search Plaintiff's residence, based on Defendant's **false** identification of Plaintiff as the individual who had distributed a controlled substance." *Id.* at 18 (quoting Doc. 23, ¶ 36) (emphasis in original). Plaintiff states the dictionary definition for "falsely" is "intentionally untrue," and its synonyms are "dishonestly" and "crookedly." *Id.* at 18-19.

In its Response, Defendant disputes that Plaintiff has sufficiently alleged the agents acted intentionally. (Doc. 48 at 9-10). Even though the agents wrongly identified Plaintiff, instead of his brother, as the subject of the 2012 video, Defendant states that does not equate to intentional conduct. *Id.* at 10. Defendant contends that Plaintiff's allegations that the agents lied or were dishonest are "outrageous and unsupported new allegations" that were not raised in Plaintiff's notice of claim or Complaint. *Id.* Defendant also argues Plaintiff's reliance on the dictionary definition of "falsely" omits alternative definitions of the word that do not imply intentional conduct, such as "based on mistaken

ideas," "wrong," "erroneous," and "What is false can be so by intent, by accident, or by mistake." *Id.* at 11. Therefore, Defendant argues the Chief Magistrate Judge was correct in finding that Plaintiff's intentional tort claims amount to claims of negligence, and are thus barred by the discretionary function exception. *Id.* at 12.

In his Reply, Plaintiff maintains that his intentional tort claims are not barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. (Doc. 49 at 10-12). Plaintiff states that he has "demonstrated that agents falsely identified him which inferentially and through common sense indicates a complete absence of Probable Cause that Plaintiff had committed a felony offense to justify his warrantless arrest." *Id.* at 11. Plaintiff further contends that because the 2012 video was of his brother, not him, this "clearly demonstrates the agents misrepresented crucial facts under oath as they falsely claimed Plaintiff had committed a federal offense." Moreover, Plaintiff states that he "has not claimed the agents' false identification was just a simple mistake." *Id.*

In the PFRD, the Chief Magistrate Judge explained that under the "intentional tort exception" of the FTCA, sovereign immunity is not waived for: "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." (Doc. 44 at 21) (quoting 28 U.S.C. § 2680(h)). However, sovereign immunity is waived for six of those torts (assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution) when they arise from the acts or omissions of federal law enforcement officers. *Id.* This exception to the intentional tort exception is known as the "law enforcement proviso." *Garling*, 849 F.3d at 1296.

15

The Chief Magistrate Judge further explained that there is a split among the circuits regarding the interplay between the law enforcement proviso and the discretionary function exception. (Doc. 44 at 21-22). Several circuits have found that a plaintiff bringing an intentional tort claim under the law enforcement proviso must first clear the discretionary function hurdle. *Id.* (citing cases from the Fourth, Ninth, Third, and Second Circuits, and the District of Kansas). However, the Fifth and Eleventh Circuits have instead held that the discretionary function exception does not bar plaintiffs from asserting intentional torts that fall within the law enforcement proviso. *Id.* at 22 (citing *Nguyen v. United States*, 556 F.3d 1244, 1256-57 (11th Cir. 2009) ("[I]f a claim is one of those listed in the proviso to subsection (h), there is no need to determine if the acts giving rise to it involve a discretionary function; sovereign immunity is waived in any event."), and *Sutton v. United States*, 819 F.2d 1289, 1297 (5th Cir. 1987) (same)).

Noting that the Tenth Circuit has not explicitly ruled on this issue, the Chief Magistrate Judge considered the Tenth Circuit's reasoning in *Garling v. United States*. *Id.* at 22-23. There, the plaintiffs brought FTCA claims against the Environmental Protection Agency for damages arising from a raid and investigation of the plaintiffs' laboratory. *Garling*, 849 F.3d at 1292, 1298. In considering whether the plaintiffs' false arrest, false imprisonment, and abuse of process claims were barred by the discretionary function exception, or if they fell within the law enforcement proviso, the Tenth Circuit noted the disagreement among the circuits but declined to reach the issue because the plaintiffs did not adequately plead their intentional tort claims. The Court stated that "a plaintiff may not recast a negligence tort as an intentional tort to take

16

advantage of the law enforcement exception to § 2680(h)," and that the Court looks to the substance of the claims "and not how [the plaintiffs] labeled them in their complaint." *Id.* at 1298. Finding the plaintiffs failed to allege intentional tort facts, the Court reasoned that the plaintiffs' claims instead "stem from the EPA's raid and investigation, and the facts alleged at most amount to negligence or recklessness." *Id.* Therefore, the Tenth Circuit held that the discretionary function exception precluded the plaintiffs' intentional tort claims and the district court lacked jurisdiction over the claims. *Id.* ("The Garlings attempt to ascribe the labels of 'false arrest,' 'false imprisonment,' and 'abuse of process' to these allegations to fit the law enforcement proviso in § 2680(h). But considering, as we must, the substance of the allegations and not the labels, we conclude the district court lacked jurisdiction over these claims.").

Following the Tenth Circuit's reasoning in *Garling*, the Chief Magistrate Judge looked at the substance of Plaintiff's intentional tort claims for false arrest and false imprisonment. The Chief Magistrate Judge noted that Plaintiff's Amended Complaint does not contain allegations that the agents deliberately misidentified Plaintiff as the person in the 2012 video, that the agents knew that Plaintiff was misidentified, or that they arrested or imprisoned him knowing that he was not the subject of the video. (Doc. 44 at 23-24). Therefore, the Chief Magistrate Judge found that Plaintiff's intentional tort claims amount to claims of negligence, so the law enforcement proviso does not apply and the claims are barred by the discretionary function exception to the FTCA's waiver of sovereign immunity. *Id.* at 24.

Plaintiff's objection to this finding is based on his contention that, because he was not the person in the 2012 video, the agents' identification of him as that person

17

must have been intentional. (Doc. 44 at 20) (further stating that "an allegation that an agent's conduct was false means it was malicious, intentional and dishonest."). Plaintiff provides no support for this contention, and he fails to acknowledge that the undisputed facts show that: Plaintiff owned the smoke shop where the 2012 video was taken; the subject of the video was Plaintiff's brother, who resembles Plaintiff; and the APD officer who purchased the controlled substance from Plaintiff's brother in the 2012 video identified Plaintiff as the subject of the video. *See* (Doc. 23, ¶¶ 21, 24, 29), (Doc. 23-7). These facts, as in *Garling*, allege negligence or recklessness at most. Even though Plaintiff contends he does not allege the agents made a mistake in identifying him, the Tenth Circuit in *Garling* instructs the Court to look at the substance of the claims and not how they are labeled. 849 F.3d at 1298.

As explained in the PFRD, the Court must resolve the issue of whether Defendant has waived its sovereign immunity under the FTCA under Fed. R. Civ. P. 56 because it involves both jurisdictional and merits issues. (Doc. 44 at 7) (citing *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997)). As such, if the record contains no evidence of a genuine issue of material fact, the non-moving party may not rest on mere allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247-48 (1986) (explaining that unsupported and conclusory allegations are insufficient to defeat a proper motion for summary judgment). Therefore, absent any evidence of intentional wrongdoing on the part of the agents, Plaintiff's reliance on his misidentification alone is not sufficient to overcome Defendant's Motion to Dismiss.

The Court understands that Plaintiff's misidentification as the person in the video means that the agents' statements in their affidavits for the search warrant and criminal complaint were incorrect. However, the fact that Plaintiff was not the person in the 2012 video does not necessarily mean the agents knew that at the time they sought the search warrant and filed the criminal complaint, and Plaintiff presents no facts or evidence showing otherwise. *See Florida v. Harris*, 568 U.S. 237, 244 (2013) (explaining that probable cause is more than bare suspicion but is less than beyond a reasonable doubt or a preponderance of the evidence); (Doc. 48 at 10) ("Probable cause does not require certainty: it is possible to establish probable cause and still be mistaken."). The Court, therefore, agrees that Plaintiff's intentional tort claims amount to claims for negligence. Because the Court finds that Plaintiff has not adequately plead his intentional tort claims, the Court does not reach the issue of whether to follow the Fifth and Eleventh Circuits, or the Fourth, Ninth, Third, and Second Circuits, regarding whether a plaintiff bringing an intentional tort claim under the law enforcement proviso must first clear the discretionary function hurdle.

### III.     Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded that Plaintiff's claims should be dismissed without prejudice. Plaintiff's objections are overruled.

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1) *Plaintiff's Unopposed* Nunc Pro Tunc *Motion to File Reply to Government's Response to Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 51), is **GRANTED**;

2) *Defendant's Rule 12(B)(1) and Rule 56 Motion to Dismiss and Memorandum in Support*, (Doc. 26), is **GRANTED**;

3) The Chief Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 43), is **ADOPTED**; and

4) This case is **DISMISSED WITHOUT PREJUDICE**.

_____
HONORABLE MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE